**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Christopher R. Beaulieu

    v.                          Civil No. 11-cv-514-JL

James D. Quay, Esq.
Catherine J. Ruffle, Esq.


**REPORT AND RECOMMENDATION**


Christopher R. Beaulieu has filed a complaint (doc. no. 1), pursuant to 42 U.S.C. § 1983, seeking damages from the public defender and prosecuting attorney involved in his state criminal case, alleging that they have violated his constitutional rights.  Because Beaulieu is a prisoner, the matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted, names any defendant immune from suit, or fails to establish this court's subject matter jurisdiction.  See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).


**Standard of Review**

Under LR 4.3(d)(2), when an incarcerated plaintiff commences an action pro se, the magistrate judge conducts a

preliminary review.  The magistrate judge may issue a report and
recommendation after the initial review, recommending that the
complaint be dismissed, if the court lacks subject matter
jurisdiction, the defendant is immune from the relief sought,
the complaint fails to state a claim upon which relief may be
granted, the allegation of poverty is untrue, or the action is
frivolous or malicious.  See LR 4.3(d)(2) (citing 28 U.S.C.
§ 1915A and Fed. R. Civ. P. 12(b)(1)).  In conducting a
preliminary review, the magistrate judge construes pro se
pleadings liberally, to avoid inappropriately stringent rules
and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S.
89, 94 (2007) (per curiam).

        To determine if the complaint states any claim upon which
relief could be granted, the court applies a standard analogous
to that used in reviewing a motion to dismiss filed under Fed.
R. Civ. P. 12(b)(6).  The court decides whether the complaint
contains sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face.  See Ashcroft v.
Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

        To make this determination, the court employs a two-pronged
approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1,
12 (1st Cir. 2011).  The court first screens the complaint for
statements that "merely offer legal conclusions couched as fact

or threadbare recitals of the elements of a cause of action."
Id. (citations, internal quotation marks and alterations
omitted).  The second part of the test requires the court to
treat as true all non-conclusory factual allegations, even if
"seemingly incredible," and to consider those allegations along
with all reasonable inferences drawn therefrom, construed in
plaintiff's favor, in determining if the claim is plausible.
Id.  The plausibility requirement "simply calls for enough fact
to raise a reasonable expectation that discovery will reveal
evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550
U.S. 544, 556 (2007).  The "make-or-break standard" is that
those allegations and inferences, taken as true, "must state a
plausible, not a merely conceivable, case for relief."
Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir.
2010); see Twombly, 550 U.S. at 555 ("Factual allegations must
be enough to raise a right to relief above the speculative
level, on the assumption that all the allegations in the
complaint are true (even if doubtful in fact)." (internal
citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-
specific task that requires the reviewing court to draw on its
judicial experience and common sense."  Iqbal, 129 S. Ct. at
1950 (citation omitted).  In doing so, the court may not

disregard properly pleaded factual allegations or "attempt to
forecast a plaintiff's likelihood of success on the merits."
Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses
on the reasonableness of the inference of liability that the
plaintiff is asking the court to draw from the facts alleged in
the complaint."  Id.

## Background

    Beaulieu's complaint is vague and his claims are sparsely
stated.  Generously construed, however, the court finds that
Beaulieu has asserted the following facts.

    Beaulieu is a state prisoner, serving a sentence for sexual
assault.  James Quay, an attorney with the New Hampshire Public
Defender, represented Beaulieu in his criminal case.  Catherine
Ruffle was the prosecuting attorney.

    Beaulieu asserts that both Quay and Ruffle, acting in
conspiracy with one another, violated his Fifth, Eighth, and
Fourteenth Amendment rights under the federal constitution, as
well as his state constitutional right not to be subject to
excessive bail.  Beaulieu alleges that Ruffle attempted to have
Beaulieu's bail either raised or revoked, utilizing unspecified
false documents and information as a basis for the change in
bail.  Beaulieu further alleges that Quay lied to Beaulieu and

others, and "put [Beaulieu] to prison" utilizing unspecified false documents.

Beaulieu claims that he tried to have Quay removed as his counsel, because he was scared to sit next to Quay, as Quay is "a very angry man."  Beaulieu states that because he was abused by his father, being with Quay triggered Beaulieu's fear of being assaulted or attacked by abusive men.

Beaulieu briefly asserts, without further explanation, the following challenges to his conviction and/or sentence: (1) Beaulieu was punished twice for the same offense, in violation of his double jeopardy rights; (2) Beaulieu was pressured to plead guilty; (3) Beaulieu was falsely imprisoned by virtue of an arrest warrant, indictments, and police reports that were false or otherwise improper; and (4) Quay and Ruffle violated Beaulieu's equal protection rights by causing him to be imprisoned "on broken laws."

## Discussion

### I.   Private Defendant

A plaintiff claiming an infringement of his civil rights under § 1983 must establish that the defendant acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia," in

depriving plaintiff of a right secured by the Constitution or laws of the United States.  See 42 U.S.C. § 1983; Haywood v. Drown, 556 U.S. 729, ___ & n.1, 129 S. Ct. 2108, 2111 & n.1 (2009); Harron v. Town of Franklin, 660 F.3d 531, 535 (1st Cir. 2011).  "[A] public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant." Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cnty. v. Dodson, 454 U.S. 312 (1981)).  A private actor can be held to be a state actor for purposes of § 1983 only under limited circumstances, none of which are present here.  See McCollum, 505 U.S. at 54 (describing circumstances under which public defender could be deemed to be a state actor for purposes of § 1983); Blum v. Yaretsky, 457 U.S. 991, 1004 (1982); Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Sagardía De Jesús, 634 F.3d 3, 10 (1st Cir.) (describing circumstances under which private defendants can be treated as state actors for purposes of § 1983), cert. denied, 132 S. Ct. 549 (2011).

Quay, in his capacity as a public defender, was representing Beaulieu in a criminal matter at the time Beaulieu alleges that Quay violated his constitutional rights.  No facts asserted in the complaint suggest that Quay acted "under color of state law."  Beaulieu's bald assertion, unsupported by any specific fact, that Quay acted in conspiracy with Ruffle to

6

violate Beaulieu's rights, is insufficient to allow a plausible inference of state action.  See Iqbal, 129 S. Ct. at 1949. Accordingly, Beaulieu's claims asserted against Quay are not cognizable under § 1983.

II.  Prosecutorial Immunity

Prosecutors are entitled to absolute immunity from lawsuits brought against them for their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'"  Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "[A]dvocacy in connection with a bail application" is a prosecutorial act protected by absolute immunity.  See Root v. Liston, 444 F.3d 127, 131 (2d Cir. 2006); see also Barreto v. Cnty. of Suffolk, No. 10-789-cv, 2012 WL 169778, *1 (2d Cir. Jan. 12, 2012) (prosecutor who appears in court regarding a bail issue entitled to absolute immunity from suit (citing Imbler, 424 U.S. at 430-31)); Wiltshire v. Williams, No. 10 Civ. 6947, 2012 WL 899383, *5 (S.D.N.Y. Mar. 16, 2012) (prosecutor making bail request entitled to absolute immunity).

Beaulieu challenges Ruffle's conduct during bail proceedings.  Such conduct constitutes a prosecutorial function during a judicial phase of Beaulieu's prosecution.  Accordingly,

Ruffle is immune from suit and should be dismissed from this action.

III. <u>Other Claims</u>

    A.   <u>Challenges to Conviction and Sentence</u>

To the extent Beaulieu seeks to challenge the validity of his conviction or sentence in this damages action, those challenges are barred under the doctrine of <u>Heck v. Humphrey</u>, which prohibits a § 1983 suit for damages where that action, if successful, would "necessarily imply" that the challenged conviction or sentence is invalid, until such time as the conviction or sentence is resolved in the plaintiff's favor. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>Thore v. Howe</u>, 466 F.3d 173, 179 (1st Cir. 2006). Beaulieu asserts that his conviction and sentence are illegal as they were obtained in violation of Beaulieu's rights in several ways. Nothing in the record suggests that either Beaulieu's conviction or his sentence have been invalidated. Beaulieu's successful prosecution of the claims asserted here could impugn the validity of Beaulieu's conviction and sentence. Accordingly, Beaulieu's claims asserting the illegality of his conviction and sentence are subject to the <u>Heck</u> bar and should be dismissed

without prejudice to refiling should Beaulieu's conviction and sentence be terminated in his favor.

      B.   <u>State Constitutional Claim</u>

     Beaulieu asserts a state constitutional claim, alleging a violation of his right not to be subject to excessive bail.  <u>See</u> N.H. Const. Part I, art. 33.  This court may exercise its supplemental jurisdiction over state law claims that arise out of the same case or controversy as federal claims properly before it.  <u>See</u> 28 U.S.C. § 1367(a).  The court may decline to exercise supplemental jurisdiction where the claims over which the court has original jurisdiction have been dismissed.  <u>Id.</u> § 1367(c)(3).  Because the court recommends that Beaulieu's federal claims be dismissed, the court also recommends that the court decline to exercise its supplemental jurisdiction over Beaulieu's state law claim.

## Conclusion

     For the foregoing reasons, the court recommends that this action be dismissed in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to

appeal the district court's order.  See United States v. De
Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 181
L. Ed. 2d 268 (2012); Sch. Union No. 37 v. United Nat'l Ins.
Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly
raised by objections to magistrate judge's report are subject to
review by district court; issues not preserved by such objection
are precluded on appeal).

_____
    Landya McCafferty
    United States Magistrate Judge

April 4, 2012

cc:  Christopher R. Beaulieu, pro se

LBM:jba